## Vaughen *versus* Haldeman.

Gas-fixtures, such as chandeliers and side-brackets, put up and attached to the gas pipes by the owner of the premises, are mere personal property, not fixtures in the proper sense of the term, and do not pass by a sheriff's sale of the real estate.

ERROR to the Common Pleas of *Lancaster county.*

This was a case stated, between Joshua Vaughen and Peter Haldeman, in the nature of a special verdict, with the right to sue out a writ of error; in which the following facts were stated for the opinion of the court:—

In 1846, Peter Haldeman purchased a large brick dwelling-house and lot of ground, in Second street, in the borough of Columbia, and moved into it and occupied it with his family until the 20th April 1856.

In July 1853, for the more comfortable enjoyment of the property, and lighting the premises, he caused gas-pipes to be introduced into the several apartments of the house, and ornamental and handsomely finished chandeliers, such as are commonly used in good private parlours, and brackets or side-lights attached to them. Two chandeliers were screwed into pipes in the ceiling of the parlour, and the joints were covered with cement; the brackets were screwed into the pipes in the wall and cemented—this being the common and usual mode of fastening gas-pipes.

On the 1st of January 1856, the premises were sold by the sheriff, under an execution against Peter Haldeman, the defendant, and were purchased for $7175, by the plaintiff, Joshua Vaughen, to whom a deed was executed on the 20th of the same month. On the 21st, notice was given to the defendant, to quit the premises, at the expiration of three months. On the 8th April 1856, on application of the plaintiff, a writ of estrepement to stay waste was granted, and placed in the hands of the sheriff.

The said Peter Haldeman, while this writ was in the hands of the sheriff, and before removing from the premises, notwithstanding a notice from the plaintiff not to do so, detached the said chandeliers and brackets, and carried them away.

It was agreed that if the court should be of opinion that Vaughen, the purchaser of the real estate, was legally entitled to the said chandeliers and brackets, or either of them, then judgment should be entered generally for the plaintiff, the damages to be ascertained by writ of inquiry; but if he was not entitled to them, or either of them, then judgment to be entered for the defendant; the costs to follow the judgment.

[Vaughen *v.* Haldeman.]

The court below (HAYES, P. J.) gave judgment for the defendant on the case stated; which was here assigned for error.

*Stevens* and *North*, for the plaintiff in error.

*Fordney* and *Reynolds*, for the defendant in error.

The opinion of the court was delivered by

READ, J.—Lamps, chandeliers, candlesticks, candelabra, sconces, and the various contrivances for lighting houses, by means of candles, oil, or other fluids, have never been considered as fixtures, and as forming a part of the freehold. There is no trace of a contrary doctrine in the English decisions, nor does it appear that the ordinary apparatus for lighting has ever been classed among fixtures.

This is still the law; but it is supposed that the introduction of carburetted hydrogen gas may have changed the character of the apparatus, because it must be connected with the pipes through which the gaseous fluid is brought into the building. If such were the case, it would establish two different rules in relation to the same subject, depending entirely upon the medium used to produce light.

The first gas-works were established in London, fifty years ago; and in 1835, the first ordinance was passed by the city of Philadelphia for their erection, since which period they have been gradually introduced into the cities, towns, and villages of the interior. The pipes connect with the street main, and are now carried up through the walls and ceilings of the house, with openings at the points where it is intended to attach fixtures, for the purpose of lighting the rooms and entries. These are called gas-fittings; whilst the chandeliers, and other substitutes for the oil lamps and candles, are called gas-fixtures, and are screwed on to the pipes and cemented, only to prevent the escape of gas; and may be removed at pleasure, without injury either to the fittings, or to the freehold. There is, therefore, really nothing to distinguish this new apparatus from the old lamps, candlesticks, and chandeliers, which have always been considered as personal chattels.

Gas-stoves are largely used for bath, and other rooms, and are necessarily connected with the gas pipes in the same way; but no one would think of saying that they were fixtures, which it would be waste to remove. It is, therefore, more simple to consider all these gas-fixtures, whether stoves, chandeliers, hall and entry lamps, drop-lights, or table-lamps, as governed by the same rule as the articles for which they are substituted.

We find no reported decisions on this subject in the English courts; but there have been some cases in our sister states,

[Vaughen *v.* Haldeman.]

bearing directly upon this question.    In Lawrence *v.* Kemp, 1 *Duer's  Reports* (*Superior  Court  of  New  York*) 363, it was decided that gas-fixtures, when placed by a tenant in a shop or store, although fastened to the building, are not fixtures as between landlord and tenant; and in Wall *v.* Hinds, 4 *Gray* 256, the Supreme Court of Massachusetts held that a lessee could take away gas-pipes put in by him into a house leased to him for a hotel, and passing from the cellar through the floors and partitions, and kept in place in the rooms by metal bands, though some of them passed through wooden ornaments of the ceiling, which were cut away for their removal.

The case now before us seems to have been directly decided, in Montague *v.* Dent, 10 *Richardson* (*S. Carolina Law Reports*) 135, in December 1856, by the Court of Appeals of South Carolina. Under a sale to foreclose a mortgage, a house and lot were sold, and a few days afterwards, the sheriff, under executions against the mortgagor, removed and sold certain gas-chandeliers, and pendent hall gas-burners, and the court held unanimously, that they were not fixtures which passed to the purchaser of the real estate by the conveyance of the freehold.    The reasoning of the court appears to us to be decisive of the present case, the only difference being that the house here, was sold under a judgment, and not under a mortgage.

By " A supplement to an act entitled ' An Act relating to the lien of mechanics and others upon buildings,' passed the sixteenth day of June, Anno Domini one thousand eight hundred and thirty-six," which was passed 14th April 1855 (*Pamph. L.* p. 238), it is enacted " that from and after the passage of this act, the several provisions of the act, to which this is a supplement, be and the same are hereby extended to plumbing, gas-fitting and furnishing, and erection of grates and furnaces."

By referring to the Senate Journal of 1855, it appears that the first section of this bill was amended in the Senate, by striking out all after the word " to" in the seventh line, and inserting in lieu thereof the words as follow, viz.: " plumbing, gas-fitting, furnaces, and furnace buildings" (p. 167); and upon the passage of the bill, by the unanimous consent of the Senate, it was amended in the first section, by striking out of the eighth line the words " furnaces, and furnace buildings," and by inserting in lieu thereof, the words " and furnishing, and erection of grates and furnaces."    Notwithstanding, therefore, the punctuation of the act, the word " gas-fitting" stands alone, the furnishing and erection of grates and furnaces relating to an entirely different subject.

It is not necessary to place a construction upon this act, because in the present case the fittings and fixtures were intro-

[Vaughen *v.* Haldeman.]

duced into an old house; but it would seem reasonable, that it should be confined to what is generally understood by the words gas-fitting.

For these reasons, in addition to those assigned by the court below, the judgment must be affirmed.