## Jarechi *et al. versus* Philharmonic Society.

1. "Gas-fixtures," as distinguished from "gas-fittings," are not the subject of a mechanic's lien, under the Act of April 14th 1855.

2. The sale of a house in general terms will not include the gas-fixtures in it; to pass them with the house there must be a special agreement.

3. Vaughen v. Haldeman, 9 Casey 522, adhered to.

October 21st 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Erie county :* Of October and November Term 1875, No. 261.

This was a scire facias sur mechanic's lien, issued April 2d 1874, by Jarechi, Hays & Co. against the Philharmonic Society. The claim, amounting to $1060,90, was filed under the Act of April 14th 1855, sect. 1, Pamph. L. 238, 2 Br. Purd. 1027, pl. 14, extending the provisions of the Mechanics' Lien Law to plumbing, gas-fitting, and furnishing and erection of grates and furnaces.

The case was referred to B. J. Reid, Esq., as legal arbitrator, under the Act of April 6th 1870, Pamph. L. 948, and Act of March 25th 1873, Pamph. L. 396.

He found that the charges in the claim were " for gas-pipe—gen-

[Jarechi *v.* Philharmonic Society.]

erally called gas-fittings—and chandeliers, pendants, side-brack ets, lava-tips or burners, glass or porcelain globes, and some other items, commonly known as gas-fixtures, as distinguished from the term gas-fittings; and the work and labor charged for were the items of work and labor expended in fitting said gas-fittings in said building and attaching them thereto and properly fitting up the said gas-fixtures." He further reported :—

" The only matter in controversy is as to whether the class of materials designated under the general name of gas-fixtures, and the labor of putting them in place, can be the subject of a mechanic's lien. These disputed items amount to $765.41, leaving the items of work and materials not disputed, amounting to only $295.40.

" The meaning and use of chandeliers, pendants, side-brackets, tips or burners, burner-cocks and glass or porcelain globes, in connection with the lighting of the building with gas, are so well understood as to need no further description. The 'pillars' were upright pieces of gas-pipe, with casing of wood or metal, more or less ornamental in design, screwed into the supply pipes, instead of below them, or laterally, as in the case of chandeliers, pendants or side-brackets. Some of these pillars were on the exterior of the building, and some were used to light the yard, or the enclosure, attached to the building. All of these fixtures (except the globes) were screwed into the gas-pipes proper. At the close of the summer and fall season the pillars in the yard were unscrewed and 'caps' put on the openings in the pipes to prevent leakage." * * *

The arbitrator awarded to the plaintiffs the sum of $324.60.

The plaintiffs filed exceptions to the award in the Court of Common Pleas; they were overruled and judgment entered on the award.

The plaintiffs took a writ of error and assigned the finding of the arbitrator and the entry of judgment on the award, for error.

*G. W. Lathey & Son,* for plaintiffs in error.

*Davenport & Griffith* cited Vaughen *v.* Haldeman, 9 Casey 522.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 6th 1876.

The learned legal arbitrator below very properly considered himself bound by the authority of Vaughen *v.* Haldeman, 9 Casey 522, and decided accordingly; but his report contains a labored argument against the judgment in that case, and we are now urged by the plaintiffs in error to reconsider and overrule it. Upon the fullest consideration, however, we have determined to adhere to it. It is frankly conceded that the Act of April 14th 1855, Pamph. L

[Jarechi v. Philharmonic Society.]

238, did not operate to extend the lien of mechanics to gas-fixtures as distinguished from gas-fittings, if a lien for the former did not exist by virtue of the Act of 1836. The distinction between the two is well stated and explained in Vaughan v. Haldeman. We are not satisfied that there is any usage or general understanding contrary to that decision. Houses are considered as finished by the builders when the gas-fittings are completed. The fixtures are put up in more or less expensive style, according to the taste and means of the persons who mean to occupy them, whether as tenants or owners. If the tenant puts them in, it is not denied that as between him and the landlord they are his, and he may remove them, or they may be sold as his personal property on an execution by the sheriff. No doubt the owner, if they belong to him, often sells them with the house. They add more to the value of the house than they would be worth if removed. But if there is no agreement to sell the house as it is—fixtures and all—the purchaser is not entitled to them. We see then no reason for departing from the judgment in Vaughan v. Haldeman, and the opinion therein expressed upon the construction of the Act of 1855.

Judgment affirmed.