## The General Fire Extinguisher Company *v.* Magee Carpet Works, Appellant.

*Mechanic's lien—Striking off lien—Plea—Practice, C. P.*

The Supreme Court will not reverse orders of the common pleas refusing to permit pleas to a scire facias sur mechanics' lien to be withdrawn, and refusing to strike off mechanic's lien after plea entered, where it appears that the motion to withdraw the plea, and to strike off the lien was not made until two years after the plea was filed, and then on the ground suggested for the first time that the items of labor and material were not sufficiently itemized.

*Corporations—Ultra vires—Mechanic's lien.*

Where the treasurer and general manager of a corporation signs as such a contract for certain work in the construction of new buildings, some of which buildings are the property of a second corporation, of which he is also the treasurer and general manager, and he subsequently approves the work by a letter which he signs as treasurer and general manager of the second corporation, a mechanic's lien filed against the buildings of the second corporation is not invalid, because the first corporation may have exceeded its powers in signing the contract.

*Mechanic's lien—Building—Mill—Sprinkling apparatus.*

A mechanic's lien may be filed for a sprinkling apparatus placed in a mill building for the purpose of protecting the building against loss by fire, if it appears that the apparatus was a part of the general plan and design of the building, and was installed before the building was completed.

Argued April 16, 1901. Appeal, No. 320, Jan. T., 1900, by defendants, from judgment of C. P. Columbia Co., May T., 1897, No. 143, on verdict for plaintiff, in case of the General Fire Extinguisher Company, a corporation incorporated under the laws of the State of New York, v. The Magee Carpet Works, Owner and Reputed Owner and the Bloomsburg Carpet Works,

Contractor. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Scire facias sur mechanic's lien. Before Dunham, P. J., specially presiding.

At the trial it appeared that in 1896, James Magee was treasurer and general manager of both the Bloomsburg Carpet Works and the Magee Carpet Works, two corporations organized for the purpose of the manufacture of carpet and other textile fabrics. On April 28, 1896, Magee signed a contract for the installation of a system of automatic sprinklers in certain buildings, some of which buildings were the property of the Magee Carpet Works. Magee signed the contract as treasurer and general manager of the Bloomsburg Carpet Works. The evidence showed that Magee did the purchasing for the Magee Carpet Works, and that his authority was never questioned. After the work was finished he wrote a letter signing it as treasurer and general manager of the Magee Carpet Works approving the work. After the work was finished an apportioned mechanic's lien was filed against the three new buildings of the Magee Carpet Works, and shortly thereafter three separate writs of scire facias were issued on the lien. On April 15, 1897, an affidavit of defense was filed, and on the same day, the defendant pleaded nil debet, etc. In neither affidavit of defense nor plea, was the question of the sufficiency of the lien raised so far as lumping charges were concerned.

More than two years afterwards, on June 8, 1899, when the cases were called for trial, the defendant asked leave to withdraw the pleas, and moved to strike off the lien because the items of labor and material were not sufficiently itemized. A rule was granted returnable in two days, which after argument was discharged by the court.

Defendant presented amongst others these points:

1. That the Bloomsburg Carpet Works, the contractor, having been incorporated for "the purpose of the manufacture of carpets and other textile fabrics," could not contract "for and about the erection and construction of three several buildings adjoining each other," nor could it contract for "the instalment of a system of Grinnell Glass-Disc Automatic Sprinklers, including the necessary piping, indicator gates and draw-off

valves, and materials and labor necessary to the erection and construction of the said system for the purpose of extinguishing fires," for the Magee Carpet Works, as the same was outside of its charter powers and ultra vires, and the plaintiff cannot recover in the action. *Answer :* That point as a whole we do not affirm, but we leave it to you under the evidence in the case whether the plaintiff cannot recover, or can. The fact that the Bloomsburg Carpet Company may have had no power under its charter to enter into a contract which would bind them, we think would not affect the power of the plaintiff to file a lien against the Magee Carpet Works for the materials and labor that went into the construction of the buildings of the Magee Carpet Works, that is, we think that if you find in favor of the plaintiff upon the other part of the case, the questions that have been left to you, then the plaintiff could maintain his action.

5. If the jury find from the evidence that the fire extinguisher was installed in any of the buildings after the building was completed, it being no part of the manufacturing machinery of the mill, the plaintiff cannot recover. *Answer :* If by that point is meant after the building proper, or superstructure, was complete, we do not affirm it, but refer you to our instructions in the general charge upon that point.

The court in its general charge said :

We say to you, gentlemen of the jury, that there is a great difference between the erection and construction of a building that is to be used for a house or as a dwelling house, and the erection and construction of a building or plant that is to be used for mechanical purposes or for manufacturing purposes. The amount of work that was to be done upon a building designed for a residence, would be only the work upon the building proper, whereas if it was to be used as a manufacturing plant, then the whole plant itself would be considered, and you would have to take into account the question as to whether the plant was complete at the time the materials were furnished. In this case, if the buildings were all completed, the machinery all put in, and the plant in running operation—everything of that kind necessary to its operation finished, the building all finished and the machinery in the buildings against which claim is filed finished ; then if there was an alteration after that made,

and some fixtures were put in, for instance these sprinkler heads or this fire extinguishing apparatus, then that would not be in the erection and construction of the building proper.   But if this apparatus was a part of the general plant, a part of the general idea of the owners of the building to have that put in when the other parts of the plant were put in, and if they were put in by this plaintiff, then the apparatus would be a subject of lien on the part of this plaintiff.

Verdict and judgment for plaintiff for $1,799.74.   Defendant appealed.

*Errors assigned* were (1) discharging rule as above; (2–4) above instructions, quoting them.

*G. M. Tustin,* with him *Charles H. Welles,* for appellant.

*Grant Herring,* with him *W. H. Rhawn,* for appellee.

PER CURIAM, June 4, 1901:

The conclusion arrived at in this case is that no sufficient cause appears for reversing the judgment.   It is not clear that any error was committed by the court in its charge to the jury or in its answers to the defendant's points.   The specifications of error are therefore dismissed and the judgment is affirmed.