## Clayton *v.* Lienhard, Appellant.

434

Argued March 30, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Frederic W. Miller,* with him *A. W. Forsyth* and *Howard Zacharias,* for appellant.

*Harry A. Estep,* with him *Thos. M. Benner* and *James T. Philipott,* for appellee.

OPINION BY MR. JUSTICE DREW, May 3, 1933:

This case originated in the filing of a mechanic's lien. Judgment was entered for want of a sufficient affidavit of defense, from which this appeal was taken. Under the terms of a bailment lease agreement, plaintiff installed an automatic sprinkler system in a large public garage owned by the defendant. The installation was part of the original construction of the building. The lease provided for a rental of $10,125, to be paid in five annual installments of $2,025 each, and when all the installments were paid, defendant was to have the option of purchasing the system by the payment of the further sum of $1. It was stipulated in the lease that the system should not become a fixture or part of the real estate, but should remain the personal property of the lessor until after the termination of the lease and acceptance by the lessee of the option to purchase. The first payment was in default at the time plaintiff filed the lien for the aggregate amount of the rental, with interest.

It is objected that the lien will not lie, first, because the sprinkler system is not a proper subject of a mechanic's lien, second, because title to it did not pass to defendant, and, third, because the right to file a lien was waived.

As regards the first objection, we are clear that this sprinkler system is a proper subject of mechanic's lien.

The system was a part of the original erection and construction of the building, and the specifications attached to the agreement make it plainly apparent that it became a part of it. Some portions were buried in the ground and in the partitions and walls of the building, and other parts were firmly clamped to the structure in numerous places. The system was provided for three floors of the building, and 810 sprinklers in all were installed. The equipment was of a permanent character, and from its nature, use and affixation became a part of the freehold. We held in General Fire Extinguisher Co. v. Magee Carpet Works, 199 Pa. 647, that such a sprinkler system is a proper subject of a mechanic's lien.

As regards the second objection, that title to the system did not pass, we are unable to agree with defendant's contention. He argues that as the contract provides that title shall not pass until the equipment is fully paid for, and that the apparatus shall not become part of the realty, but shall remain personalty until paid for, with the right reserved to remove it in case of default, the system did retain its character as personalty, and plaintiff is therefore not entitled to a mechanic's lien. We cannot accept this argument. We should ignore stubborn physical facts and settled legal principles were we to regard this apparatus as not a part of the realty. Where words and acts conflict, the intention of the parties is best determined by their acts: Dorrance's Est., 309 Pa. 151. There can be no doubt that the intention here was to affix this sprinkler system to the building in such a way as to make it part of the realty.

Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty: Vaughen v. Haldeman, 33 Pa. 522; Jarechi v. Philharmonic Society, 79 Pa. 403. Second, those which are so annexed to the property

that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty—to them the ancient maxim "Quicquid plantatur solo, solo cedit" applies in full force: Bank v. North, 160 Pa. 303 (steam heating pipes); Morrow Mfg. Co. v. Race Creek Coal Co., 222 Ky. 807 (coal tipple); Meagher v. Hayes, 152 Mass. 228 (house); Powers v. Dennison, 30 Vt. 752 (house); see Harmony Bldg. Assn. v. Berger, 99 Pa. 320; Boeringa v. Perry, 96 Wash. 57. Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable: White's App., 10 Pa. 252; Shell v. Haywood & Snyder, 16 Pa. 523; Harlan v. Harlan, 20 Pa. 303; Hill v. Sewald, 53 Pa. 271; Wick v. Bredin, 189 Pa. 83; Wickes Bros. v. Island Park Assn., 229 Pa. 400; Bullock Electric Mfg. Co. v. Traction Co., 231 Pa. 129; Ridgway D. & E. Co. v. Werder, 287 Pa. 358; Am. Laundry Mach. Co. v. Miners Trust Co., 307 Pa. 395.

The sprinkler system in the instant case must, we think, be considered as falling within the second class above described—a part of the realty for all purposes. It was installed in the original construction of the building, it was a permanent improvement which would pass upon a sale of the freehold, it was affixed so that it could not be removed without material injury to the building and damage to itself. By these criteria, the apparatus became realty as an integral part of the building: Bank v. North, supra; Kinnear v. Scenic Rys. Co., 223 Pa. 390; In re Morrison, Jones & Taylor, Ltd., [1914] 1 Ch. 50; Evans v. Argenta B. & L. Assn., 180 Ark. 654; Bell

v. Mtg. Guarantee Co., 109 Cal. App. 203; In re Frederica Water Co., 10 Del. Ch. 362; Des Moines Improvement Co. v. Holland Furnace Co., 204 Iowa 274; East N. Y. Electric Co. v. Petmaland Realty Co., 243 N. Y. 477; Kirk v. Crystal, 118 N. Y. App. Div. 32. Even if this system be regarded as detachable without material injury to itself or the building (see Holt v. Henley, 232 U. S. 637; Automatic Sprinkler Corp. v. Rosen, 259 Mass. 319), the intention of the parties, as demonstrated by their acts, was clearly that it should become part of the realty. Where, as here, it was contemplated and intended that the system should be built into the building as a permanent improvement, the parties were bound to know that it became, as a matter of law, an integral part of the realty: Reynolds v. Ashby & Son, [1904] A. C. 466; Des Moines Improvement Co. v. Holland Furnace Co., supra; Abramson v. Penn, 156 Md. 186; Waverly Coöp. Bank v. Haner, 273 Mass. 477.

Since, as we have seen, the apparatus did become a part of the realty, the provision in the contract that it should remain personal property was of no effect: Gough v. Wood, [1894] 1 Q. B. 713; Hobson v. Gorringe, [1897] 1 Ch. 182; Porter v. Pittsburg Steel Co., 122 U. S. 267; Bell v. Mtg. Guarantee Co., supra; In re Frederica Water Co., supra; Des Moines Improvement Co. v. Holland Furnace Co., supra; Morrow v. Race Creek Coal Co., supra; Gaunt v. Allen Lane Co., 128 Me. 41; Meagher v. Hayes, supra; Trask v. Little, 182 Mass. 8; St. Paul Trust Co. v. U. S. Cereal Co., 165 Minn. 252; Great Western Mfg. Co. v. Hunter Bros., 15 Neb. 32; Prescott v. Wells, 3 Nev. 82; Ford v. Cobb, 20 N. Y. 344; East N. Y. Electric Co. v. Petmaland Realty Co., supra; Powers v. Dennison, supra; Boeringa v. Perry, supra. As stated in the Prescott case: "Contract cannot make a chattel realty, nor realty a chattel. ...... In my opinion all fixtures whilst attached to the freehold are, for the time being, a part of the realty. No contract can change their nature. It is true there may be a contract

allowing some one to take them off. ...... But a contract that something may be converted into personalty at a future day, does not make it so from the time of the contract. The owner of the land might make a contract allowing another to take off all the soil to the depth of ten feet for making brick; but the contract alone would not convert the surface of the soil into bricks or other personal property. It would still be a part of the freehold."

This conclusion, however, does not deprive the plaintiff of his right under the contract to remove the sprinkler system should defendant fail to pay for it. The true construction of this provision, for the retention of title with the right to remove in case of default, is that although the title does pass because of the manner in which the chattel was affixed, the plaintiff has a contractual right to remove the apparatus and thus reconvert it into personalty: In re Frederica Water Co., supra; Des Moines Improvement Co. v. Holland Furnace Co., supra; Trask v. Little, supra; Prescott v. Wells, supra. In Hobson v. Gorringe, supra, the English Court of Appeal said: "It seems to us that the true view of the hiring and purchase agreement, coupled with the annexation of the engine to the soil,......is that the engine became a fixture—i. e., part of the soil—when it was annexed to the soil," subject to the right of the plaintiff "by contract to unfix it and take possession of it if King failed to pay him the stipulated monthly installments." In Reynolds v. Ashby & Son, supra, another hire-purchase case, Lord LINDLEY said: "In effect, Holdway [the lessee] was authorized by the appellant to convert the chattels into fixtures, subject to the right of the appellant to enter and retake them if Holdway did not pay for them." In St. Paul Trust Co. v. U. S. Cereal Co., supra, where certain machinery had been sold upon conditional sale and affixed to the real estate, the Supreme Court of Minnesota said, "We nullify stubborn fact here if we consider the machinery anything but real

estate in fact. The plain actuality is, not that it remained personal property, but only that the vendor had the contract right by severance to retake it and so 'reconvert it into personalty.' . . . . . . The conditional sales contracts did not, as argued by appellants, preserve 'the status of the machinery as personal property until fully paid for.' In lieu of that artificial status there was outstanding only the right. . . . . . to retake the property as its own 'personal property.' " An example of the exercise of a contractual right of this nature is found in Coleman v. Lewis, 27 Pa. 291, in which we held that the plaintiff, the purchaser of land at a sheriff's sale with notice that another had the right to remove a house erected on the land, could not recover damages for the removal of the house.

As regards the third objection, that the right to file a lien was waived, we are of opinion that the agreement of the parties has no such effect. On this point defendant's position is that the acceptance by plaintiff of defendant's notes for the purchase price, together with his retention of a right to remove the sprinkler system in the event of default in payment, operated as a waiver of any right to a mechanic's lien. While we recognize that the right to a mechanic's lien may be waived—it is expressly so provided in section 15 of the Mechanic's Lien Act of June 4, 1901, P. L. 431—we cannot agree that plaintiff waived this right. There is not so much as a contention here that he expressly waived it. There has been no conduct that can be considered as equitably estopping him. The action is between the original parties to the contract. The plaintiff in good faith performed the work contracted to be done, while the defendant failed to make any payments, although receiving the full benefits of the installation under the contract. The right to a lien should be taken away in clear cases only. Mr. Justice SIMPSON expressed it best in Schwartz v. Whelan, 295 Pa. 425, 431: "Because it will be for his benefit, it is presumed that every mechanic or material-

man desires the security given by the statutes, and he who asserts a waiver thereof must clearly prove it. Where, as here, there is no express covenant not to file one, 'the implied covenant should so clearly appear, that the mechanic or materialman can understand it without consulting a lawyer as to its legal effect': Nice v. Walker, 153 Pa. 123, 132. Or, as it is put in Creswell Iron Works v. O'Brien, 156 Pa. 172, the covenant not to file a lien must be 'so clearly implied that the mechanic or materialman cannot fail to understand it.' "

The notes given can be considered only as collateral security for payment. It cannot be successfully argued that a creditor is not entitled to as many securities for his debt as he can obtain. It has many times been held that the taking of notes or of a bond is not a waiver of the right to a mechanic's lien. In American Car & Foundry Co. v. Alexandria Water Co., 221 Pa. 529, 537, we said, "As a general principle, the taking of the notes of the contractors for the amount due to the materialmen would not of itself effect a relinquishment of the right to file a lien. This was decided in Kinsley v. Buchanan, 5 Watts 118, where it was said (page 119) : 'Additional securities are in their nature cumulative; nor, where the parties have not expressly or impliedly so stipulated, is there any reason why the one should be a relinquishment of the other. Accordingly, it has been determined in one of the cases cited that acceptance of a bond is not an abandonment of a mechanic's lien. The case is in point and rules the present.' To the same effect are Jones v. Shawhan, 4 W. & S. 257; Odd Fellows' Hall v. Masser, 24 Pa. 507; Shaw v. Church, 39 Pa. 226; Noar v. Gill, 111 Pa. 488." And in Schwartz v. Whelan, supra, it was flatly held that the acceptance of promissory notes in payment for work done is not a waiver of the right to a mechanic's lien. Furthermore, section 15 of the Act of 1901, supra, expressly provides that "The giving of credit or the receiving of collateral

442

security shall not operate to waive the right to file a claim."

The provisions in the agreement for the retention of title and right to remove for default can no more be considered a waiver of the right to a lien than the acceptance of notes. These too must be regarded only as additional security for the payment of the debt and are not a waiver of the right to file a mechanic's lien: C. & A. R. R. Co. v. Union Rolling Mills Co., 109 U. S. 702; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 111 Fed. 81; M. A. Phelps Lumber Co. v. McDonough Mfg. Co., 202 Fed. 445; Clark v. Moore, 64 Ill. 273; Great Western Mfg. Co. v. Hunter Bros., supra.

Judgment affirmed.