### UNITED STATES v. SWANEY et al. (SWANEY et al., Interveners).

### No. 9106.

District Court, W. D. Pennsylvania. Dec. 30, 1939.

Charles F. Uhl, U. S. Atty., and George Mashank, Asst. U. S. Atty., both of Pittsburgh, Pa.

John. Duggan, Jr., of Pittsburgh, Pa., and J. K. Spurgeon, of Uniontown, Pa., for defendants and intervenors.

GIBSON, District Judge.

The instant action is an action of replevin brought by the United States to recover a portable airplane hangar. The action as first instituted was not against Daniel B. Swaney and Earl Swaney, but they intervened and were the only defendants who appeared in the defense. Upon trial the Court gave binding instructions in favor of the United States, but reserved defendants' point requesting binding instructions in their favor.

The hangar in question had a frame of pre-fabricated structural steel covered with corrugated iron and was bolted to concrete piers which were attached to the ground. It was so constructed that it could be dismembered and taken from one location to another, being of a type in common use by the United States Army. It was located upon a field, known as Burgess Field, in Georges Township, Fayette County, Pennsylvania, which had been used as an airport by the United States for some years prior to suit.

On November 10, 1925, this field was leased to the Uniontown Chamber of Commerce, an unincorporated body. The person signing the lease was Jesse J. Swaney. On May 21, 1926, the Chamber of Commerce, by its president and secretary, sub-leased the field to the United States to use as an airport. In this lease, as in other sub-leases mentioned later, it was provided that the United States could remove any buildings placed upon the premises at the end of the lease.

On June 15, 1926, Jesse J. Swaney signed a lease of the property to the Uniontown Chamber of Commerce for a five-year period, with right to sub-lease to the United States for a landing field and to erect such buildings as were necessary for the purpose. On September 28, 1926, the Uniontown Airport Corporation was organized under the laws of the State of Delaware, and on the following day the Chamber of Commerce assigned its leases and interest in the field to it. On August 15, 1928, the Airport Corporation re-subleased the field to the United States, and under renewals of this lease the United States occupied it until June 30, 1931.

On April 18, 1931, Ewing B. Swaney and Jesse J. Swaney signed a lease of the field to the Airport Corporation, and on June 26, 1931, that Corporation sub-leased to the United States. Under the renewal clause of the lease the United States Army occupied the field until June 30, 1936, when it gave notice of termination of its lease. Before termination, the removal of the hangar was discussed with Jesse J. Swaney, who offered to purchase it, and agreed that it remain upon the field pending negotiations for a new lease. When the agents of the United States sought to remove it, however, Jesse J. Swaney refused to allow them to proceed.

All leases prior to that signed by Ewing B. Swaney and Jesse J. Swaney on April 18, 1931, were signed by Jesse J. Swaney as lessor. Why he did so, and what his interest was, does not appear in our record. The paper title, at least, was in Ewing B. Swaney, who received it by deed from Jesse J. Swaney dated May 14, 1921. That he was not acting as an interloper appears by his joining in the lease with the owner on April 18, 1931. On November 21, 1922, Ewing B. Swaney placed a mortgage upon the property, and on October 26, 1937, this mortgage was foreclosed and the property was sold, as appears by Sheriff's Deed, to Daniel B. Swaney and Earl Swaney, the intervening defendants. These defendants assert that the hangar was a permanent improvement upon the property, and as such they obtained lawful possession of it by virtue of the Sheriff's Deed.

An examination of the record will make it plain that no agent of the Government intended to make the hangar a permanent part of the realty. The owner of the fee, with another, entered into a lease in which permission to sub-lease the land to the United States for an airport was expressly given; and the sub-lease specifically authorized the right to erect and remove necessary buildings and attachments.

Under the sub-lease the Government had occupied the airport for a number of years. Under these circumstances it is unquestionable that the common intent of the owner, lessee and the Government at the time of its attachment was that the hangar was removable. This being so, the mere fact of attachment to the realty ·is not controlling. See Clayton v. Lienhard, 312 Pa. 433, 167 A. 321; Wick v. Bredin, 189 Pa. 83, 42 A. 17; Kinnear v. Scenic Rys. Co., 223 Pa. 390, 72 A. 808.

The suit has been discussed, supra, as though the parties to the action were private persons. It must not be forgotten, however, that the agents of the United States were acting in a governmental capacity in the installation of the hangar, and any failure on their part to fully preserve the rights of the Government by written record (if such there was) is not sufficient to allow its property to be taken from it. The principles enunciated by the Supreme Court of Pennsylvania in Nittany Valley R. Co. v. Empire Steel & Iron Co., 218 Pa. 224, 67 A. 349, are even more applicable to the present action than in that in which used.

The motion on behalf of defendants for judgment upon the point reserved must be denied; also the motion for a new trial.