## Jennings v. Dubnitsky et al.

*Eugene Nogi* and *Sidney Levy*, for plaintiff.

*James K. Peck*, for defendant.

HOBAN, J., December 23, 1940.—The issue comes before the court on a sci. fa. sur mechanic's lien. The affidavit accompanying the præcipe for sci. fa. sets forth that

the lienor was a subcontractor; that he claimed the sum of $254.31, with interest from November 15, 1938; that defendants above named were the owners and principal contractors, and that the mechanic's lien was filed in this court to no. 8639, mechanics' lien docket no. 12, p. 85, for labor, plumbing, and material furnished in the alteration and repair of the structure owned by defendants Harry and Alice Dubnitsky.

Harry Dubnitsky filed an affidavit of defense setting forth generally that the materials and labor involved were furnished on the sole and separate credit of the principal contractor; that the subcontracts for materials and labor were entered into at the instance of Harry Dubnitsky only; that the lienor was without legal right to file a mechanic's lien in any event, for the reason that the Dubnitskys were in possession of the premises only under an agreement to purchase; that proper notices, services, the lien itself, and the sci. fa. did not include notice to and service upon, and the names of the owners of the legal title to the premises; and that the lienor is barred from filing his lien for the further reason that in his contract with the principal contractor the lienor reserved to himself the ownership of the materials as installed in defendants' premises, until all moneys due him under the contract were paid, contrary to the requirements of the Act of July 12, 1935, P. L. 667, 49 PS §32. It was further set forth in the affidavit of defense that the materials furnished and the work done was not completed or installed in a good and workmanlike manner.

By agreement, the issue was tried before Hoban, J., without a jury.

On the pleadings and the evidence, both oral and documentary, we make the following

### Findings of fact

1. On August 24, 1938, John Bernatovich, general contractor, entered into a written contract with John Jennings, plaintiff herein, for the installation of certain heat-

ing and plumbing equipment in the premises of defendants Harry Dubnitsky and Alice Dubnitsky, at 201 Hill Street, in the City of Scranton, Lackawanna County, for the contract price of $415.

2. Pursuant to the said contract plaintiff, John Jennings, began the installation of heating and plumbing equipment on August 26, 1938, and completed the work under the contract on November 15, 1938.

3. The contract between John Bernatovich, contractor, and John Jennings, plaintiff herein, as subcontractor and plumber, included the following provisions:

"It is hereby expressly provided that the title to the above described materials to be so furnished by the undersigned shall be and remain in the undersigned until all sums of money called for in this proposal and required to be paid by you are fully paid the undersigned in legal tender of the United States; and that, until said sums of money are so paid, said materials shall be and by your acceptance hereof you agree that they shall be and remain personal and movable property, in whatsoever manner they may be annexed to realty; and that, in case of default in the payment of any of the installments above provided for, the undersigned is hereby authorized to enter upon said premises and take possession of and remove said materials at any time; and that, in such event, the undersigned shall have the right to retain as rental for the use of said materials any sum or sums of money that may have been paid by you; and that all expenses incurred by the undersigned by litigation arising out of, and caused by failure to make the payments as herein provided for, shall be paid by you."

4. Plaintiff performed extra work and furnished extra materials, which totaled the sum of $39.31, which amount has been included in the mechanic's lien filed herein, in addition to the amount called for by the contract between John Bernatovich and plaintiff.

5. In September 1938 plaintiff was paid by John Bernatovich the sum of $200 on account of money due him

under the contract, but since then has not received any other payment either from John Bernatovich or from Harry or Alice Dubnitsky.

6. After appropriate notice to defendants, plaintiff herein filed his mechanic's lien in the Court of Common Pleas of Lackawanna County to no. 8639, mechanics' lien docket no. 12, p. 85, on February 8, 1939.

### Discussion

We are of the opinion that the attempt on the part of plaintiff in his contract with the principal contractor to reserve to himself the title to the material installed by him in the home of the Dubnitskys bars him from any right to file a mechanic's lien, or to enforce collection thereof. We think that the provisions of the Act of July 12, 1935, P. L. 667, 49 PS §32, are conclusive on this point. It is clear from the evidence that plaintiff was never paid all sums of money called for in his proposal which were required to be paid by the principal contractor, and the clear intention of the provision of the contract quoted in finding of fact no. 3 above was to reserve title in plaintiff until he had been paid in full for material and work furnished under his contract.

The Act of 1935, supra, reads as follows:

". . . from and after the passage of this act, no person, partnership or corporation furnishing material, supplies, fixtures or equipment for the erection, alteration, repair or remodeling of any building or structure, where such person, partnership or corporation furnished such material, supplies, fixtures or equipment under bailment lease, or conditional sales contract, or any other instrument or contract by which the person, partnership or corporation so furnishing such material, supplies, fixtures or equipment reserves the title to such material, supplies, fixtures or equipment, or the right to reacquire the title to same, shall have any right to file any mechanic's lien claim to secure payment for such material, supplies, fixtures or equipment."

We have seen no decisions construing any of the provisions of this act, but it is quite obvious that the act was passed to overcome the effect of the ruling of our Supreme Court in Clayton v. Lienhard, 312 Pa. 433. Possibly some question might be raised under this act that a separation of a lien as to labor and materials might be effected and a lien allowed to stand for so much of the amount involved as represented payment for services. But we believe that such an interpretation is utterly impracticable where the contract provides for the furnishing and installation of materials and the labor is incidental to the placing in a structure of materials which serve the structure as fixtures. The case might be different if by the provisions of the contract the supply of materials and the performance of labor were strictly severable items, but such is not the case here.

In the testimony it appeared that some items of work on the part of the subcontractor were performed in a manner not satisfactory to the owners and not suitable for the purpose for which installed. If we were considering this lien as a good lien, we would be compelled to deduct from the lien itself a pro tanto allowance, which would more than equal the value of the extra items added to the lien. Hence, we give no effect to the item of $39.31 added to the amount unpaid under the contract and filed as part of the lien.

In view of our opinion as to the effect of the Act of 1935 upon this lien, we do not consider the other objections raised by defendant in the affidavit of defense, nor the testimony offered to support these objections. It is sufficient to say, however, that if it were not for the Act of 1935 we believe that the lien would be otherwise valid, with the exception of a pro tanto allowance for certain items of unsatisfactory material and labor. We also deem it unnecessary to rule specifically upon or discuss the requests for findings of fact and conclusions of law submitted by plaintiff, but direct that the same shall be filed as part of the record.

*Conclusions of law*

1. Plaintiff under the provisions of his contract with John Bernatovich, principal contractor, reserved to himself title to the materials and fixtures installed in the building of defendant, Dubnitsky, until all sums of money called for in the contract were fully paid. Since the said sums of money called for in the contract were never fully paid, under the provisions of his contract he retained title to these materials and is, therefore, barred from filing a lien for materials and services rendered under said contract by virtue of the provisions of the Act of July 12, 1935, P. L. 667.

2. Defendants are entitled to have judgment entered in their favor and against plaintiff.

*Judgment nisi*

Now, December 23, 1940, judgment is directed to be entered in favor of defendants Harry Dubnitsky and Alice Dubnitsky, his wife, owner and reputed owners, and John Bernatovich, contractor, and against plaintiff, John Jennings.

The prothonotary is directed to give notice of this decision to the parties, or their attorneys, and, if no exceptions hereto are filed within 30 days after the service of such notice, final judgment to be entered by the prothonotary.