## Frank v. Stubbs

*M. L. McBride*, for plaintiffs.

*John V. Wherry*, for defendant.

McKAY, J., November 7, 1956.—In this action of replevin, without bond, a complaint and answer were filed whereupon plaintiffs moved for judgment on the pleadings.

From the undenied averments of the complaint and the answer, and the inferences to be drawn therefrom which are favorable to defendant, the following facts appear:

In 1946, defendant owned a house and lot in the Borough of Grove City known as 214 North Broad Street. Between the sidewalk and the curb of the property they had set in concrete an old-fashioned ornamental hitching post, 36 inches high, made of cast iron, shaped to represent a colored boy and painted black, red and white. On April 20, 1946, defendant and his wife conveyed their real estate to Marjorie G. Graham. In the agreement of sale it was expressly stated that the title to the hitching post would not pass to the grantees but instead was reserved by defendant, who was privileged to remove it at any subsequent time.

In 1950 Mrs. Graham conveyed the land to H. Clifford Carlson, Jr., and wife, and in 1956 the Carlsons conveyed to plaintiffs in this action.

The respective deeds, all of which are recorded, contain no mention of the reservation of the title to the hitching post, and it is not averred or contended that any of the grantees in the deeds, with the exception of Mrs. Graham, the first grantee, knew of defendant's claim to it.

On or about April 15, 1956, at about 7 a.m., defendant, without permission of plaintiffs, removed the "colored boy" from plaintiffs' land and has refused to surrender it to them.

Plaintiffs claim judgment for $250, that being the agreed value of the hitching post.

The first question raised by the above facts is whether the post is a fixture or personal property.

At common law it was the rule that whatever is once annexed to the freehold becomes part of it and cannot be removed except by him who is entitled to the inheritance: 22 Am. Jur. 714.

Our Supreme Court has classified chattels used in connection with real estate into three classes, viz., those which are manifestly furniture, which always

remain personalty; those which are so annexed that they cannot be removed without material injury to the real estate or to themselves, which are realty, and those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves or the property to which they are annexed. The latter becomes part of the realty or remains personalty, depending upon the intention of the parties at the time of the annexation: Clayton v. Lienhard, 312 Pa. 433, 437. The hitching post involved in the present case obviously falls within the third class.

Accordingly, whether it was a fixture at the time defendant removed it depends upon whether defendant, Paul W. Stubbs, intended it to become a permanent part of the realty when he installed it in 1946. Defendant's then intention, however, is not his undisclosed purpose, but his intention as manifested by his act. This test is announced by the Supreme Court in the case of National Bank of Catasauqua v. North, 160 Pa. 303, at page 308:

"But those decisions also unmistakably show that the 'intention', which thus becomes controlling, is not the secret design which may dwell in a party's mind and as to whose existence he alone can speak, but that 'intention' which was either expressly declared by the parties competent to make it the governing rule, or which flows, patent to all, from the nature and character of the act, the clear purpose to be served, the manifest relation which the articles bear to the realty, and the visible consequences of their severance upon the proper and obvious use of it."

The question of intention is ordinarily one of mixed law and fact and therefore for the jury, but where the facts are undisputed and only one deduction can be drawn from them, it is for the court: Waltman v. Mayer, 11 D. & C. 479.

In the present case, the owner of land erected an ornamental hitching post made of cast iron at the front of his property and set it in concrete. In our opinion but one deduction can be drawn as to his intention from that fact, namely, that he intended to make the post a permanent decorative improvement to his real estate. Accordingly, it became a part of the real estate, i.e., a fixture.

The second question is as to the effect of the agreement between Stubbs and Mrs. Graham, in which the former reserved the right to remove the post at a subsequent time. There can be no question that if this agreement had been included in the recorded deed for the property or if plaintiffs had known of it at the time they purchased the property, Stubbs would have had the right to remove the post whenever he saw fit. Plaintiffs concede this to be the law.

It is quite a different situation, however, when the agreement of reservation is kept secret. Then the rights of innocent third parties accrue which cannot be affected by the agreement between the original parties. Having neither knowledge nor notice of the existence of the agreement, plaintiffs are not bound by it. In 36 C. J. S. at page 931, the law is stated:

"Innocent third persons without notice are usually not affected by agreements preserving the chattel character of articles annexed to the realty or conferring a right of removal with respect to such articles."

We agree with this statement and are of the opinion that it applies to the case before us.

Therefore, although as between himself and Marjorie G. Graham, Stubbs had the right to remove the post, whether it was a fixture or not, he had no right to remove the post from the property 10 years later after the land had been acquired by plaintiffs without

notice of the agreement giving him the right of removal.

Since all of the facts necessary for a decision of the case clearly appear from the pleadings themselves, plaintiffs are entitled to judgment and it will be entered accordingly.

*Order*

Now, November 19, 1956, it is ordered that judgment be entered for plaintiffs against defendant in the amount of $250.

*Exception*

And now, November 19, 1956, to the foregoing order of the court, counsel for defendant excepts and, eo die, a bill of exceptions is sealed for defendant.