## Powl v. Graybeal

*Marshall M. Cohen and James P. Coho,* for defendants.

*Barry A. Solodky,* for plaintiff.

BUCKWALTER, *J.,* December 15, 1982—On September 4, 1980, plaintiffs entered a default judgment pursuant to an action in assumpsit filed to no. 206, July term, 1980, against defendant in the amount of $18,227.15. Pursuant to a writ of execution, the Sheriff of Lancaster County levied upon a silo originally purchased by defendant and located on land owned by intervenors, defendant's parents. The sheriff set the sale date of January 7, 1981. Plaintiffs agreed to continue the sale until March 18, 1981. On March 13, 1981, intervenors filed a petition to intervene in the execution and a petition to strike and set aside the writ of execution. On August 7, 1981, intervenors filed an amended petition to intevene. The intervenors assert an interest in the silo on the basis that the silo is a fixture which has become a part of the real property, which they own. The intervenors also assert that the silo is embraced by a mortgage on the property and, hence, the sale thereof would impair the obligation of the mortgagee. The silo was purchased and installed in 1974. The mortgage was entered into in 1975.

Pursuant to the petition, depositions were taken and a hearing was held on October 29, 1982 pursuant to Pa. R. C. P. 2329, which requires the court, after hearing, to determine if petitioners have sufficiently established their rights to intervene.

While objection was made to this procedure by plaintiff in his answer to intervenors' petition, this objection has not been subsequently briefed by plaintiff and we therefore conclude that he has abandoned the procedural argument. It appears to this court that the intervenors are seeking intervention under Pa. R. C. P. 2327(2) which provides that at any time during the pendency of an action a person not a party shall be permitted to intervene if "such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof;".

Obviously, it appears that in determining whether the intervention should be granted the court will also be in effect determining the issue as to whether the silo, the subject of this controversy, is a fixture or personal property.

Although not dispositive of this case, the Supreme Court case of Clayton v. Leinhard, 312 Pa. 433, 167 Atl. 321 (1933), is helpful. That case described chattels used in connection with real estate as falling into three categories:

"First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty. (Citations omitted.) Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty — to them the ancient maxim 'Quicquid plantatur solo, solo cedit' applies in full force. (Citations omitted.) Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are

annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable. (Citations omitted.) 312 Pa. at 436-437.

From the depositions and the hearing, it is clear that the silo involved in this case belongs in the third class. Thus, this court has the rather difficult task of determining the intention of the parties at the time the silo was annexed to the property owned by the intervenors. There is, of course, the testimony of defendant himself at the hearing when he stated in effect that he intended the silo to become a part of the farm and that if he moved out the silo would stay. Moreover, the intervenor in his deposition testified that he thought the mortgage to the Federal Land Bank of the farm property included the silo. The parties, as far as the silo itself is concerned, would be defendant and Penn Jersey Harveststore Systems, Inc. from whom the silo was purchased in March of 1974. Robert McClean, an employee of PennJersey Harvestore, testified that the silo is built so that it can be dismantled and removed from the premises and that this includes removing everything but the concrete pad on which the silo is erected. In fact, according to Mr. McClean, it is a part of their sales presentation that the particular silo can be dismantled and resold.

While the testimony of Mr. McClean is of some interest in indicating the intent of the parties, it is rather certain that PennJersey Harvestore was not particularly interested in whether the property was to be a fixture or remain personalty since it was paid in full from money borrowed through the Federal Land Bank, who subsequently took a mortgage on the property on which the silo was erected.

It seems rather obvious that this was a situation where the son was operating a dairy farm on his parents' land and fully intended that the silo he had erected thereon would stay with the property if and when he ceased to operate it as a dairy farm. This, in fact, happened in September of 1980 and the property with the silo on it is presently leased by the intervenors to other tenants who are farming the land.

In conclusion, plaintiff cites one of the few recent cases on the subject. McCarthy v. Bank, 283 Pa. Super. 328, 423 A.2d 1280 (1980), for the proposition that the silo did not become part of the realty because it was only bolted onto its concrete foundation and could be removed without significant damage either to itself or to the land. From the bare statement above, it might appear as if the McCarthy case is applicable to the one now before the court. However, in McCarthy, the court simply stated as follows:

"The lower court correctly found that the silo and unloader did not become part of the realty because the intention of the seller, Penn Jersey, and the buyers, appellees, as expressed in the sales agreement was that they should remain movable personal property and because that intention was consistent with the fact that the silo was only bolted onto its concrete foundation and could be removed without significant damage either to itself or to the land." 283 Pa. Super. at 332.

In this case, while there is testimony concerning the removal of the silo from the foundation, there is also other testimony which contradicts the intent that the silo should remain movable personal property. Moreover, the agreement in this case between PennJersey Harvestore, Inc. and defendant makes no such reference to the silo remaining movable

personal property. In fact, the sales agreement which was admitted into evidence in this case indicates that "the equipment shall be affixed to buyer's farm".

Based on the foregoing opinion, the court enters the following

### ORDER

And now, this December 15, 1982, the petition to intervene of Harold Graybeal and E. Mildred Graybeal is granted. Petition for stay and to set aside writ of execution filed by Harold Graybeal and E. Mildred Graybeal is also granted.