## Isman *v.* Hanscom, Appellant.

*Landlord and tenant—Lease—Stipulation as to removal of chattels —Alterations—Additions—Improvements—Equity—Injunction.*

When a landlord and tenant stipulate in their lease as to the ownership of chattels which may be placed on the demised premises by the tenant, the stipulation will be enforced regardless of what might be the rights of the parties at common law. In such a case the contract is the law made by the parties themselves, and that must determine their rights. The question of trade fixtures does not enter into the case.

Where a lease provides that "all alterations, additions and improvements," except moveable furniture shall at the option of the lessor at the end of the term become the property of the lessor, and it appears that the premises are leased for restaurant purposes, the lessor may claim in the exercise of his option such additions as shelving, dumb-waiters, brick ovens, electric light apparatus, gallery, vestibules and toilet rooms.

Where the parties to such a lease fix no time in which the option should be exercised, reasonable notice of the option is all that is required. Notice given four weeks before the end of the term is sufficient.

Where an assignee of a lease is designated in the assignment as "agent," and subsequently as agent of an undisclosed principal gives three months' notice to the tenant to quit, and notifies the tenant that he exercises an option given to the lessor in the lease, the agent may maintain a bill in equity to restrain the tenant from removing chattels in violation of the option.

Where a lease gives to the lessor an option to retain additions and improvements at the end of the term, and the lessor has given due notice of the exercise of such option, he has a standing to maintain a bill in equity to restrain the lessee from removing such additions and improvements.

Argued Jan. 14, 1907. Appeal, No. 127, Jan. T., 1906, by defendants, from decree of C. P. No. 5, Phila. Co., Dec. T., 1904, No. 852, on bill in equity in case of Felix Isman, Agent, *v.* Edward E. Hanscom and Melville Hanscom, trading as Hanscom Bros. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before RALSTON, J.

In addition to the facts stated in the opinion of the Supreme

Court, it appeared that fittings referred to in the bill were as follows: Shelving, etc., gentlemen's toilet room, etc., ladies' toilet room, etc., four dumb-waiters, inlaid floor, vestibule, wall decorations, two brick ovens, electric lights, apparatus, etc., gallery.

*Error assigned* was the decree awarding a permanent injunction.

*Edmund W. Kirby,* with him *Robert J. Byron,* for appellants.—The articles installed by defendants were erected for the purposes of trade and are trade fixtures, which the defendants have the right to remove : Seeger v. Pettit, 77 Pa. 437; Straight v. Mahoney, 16 Pa. Superior Ct. 155; White v. Arndt, 1 Whart. 91; Wright v. DuBignon, 114 Ga. 765 (40 S. E. Repr. 747); Baker v. McClurg, 198 Ill. 28 (64 N. E. Repr. 701); Raymond v. Strickland, 3 L. R. A. (New Series) 69.

The court erred in holding that the option in the lease for the retention of the chattels was exercised in time to bind the appellants.

The exercise of the landlord's option not having been attempted until after defendant had begun to remove certain of the fixtures referred to, was too late : Sutcliff v. Isaacs, 1 Parsons, 494 ; Mammoth Vein Consolidated Coal Co.'s App., 54 Pa. 183 ; People's Pass. Ry. Co. v. Union Pass. Ry. Co., 35 W. N. C. 311; Miles Corson Co. v. Young, 29 W. N. C. 256.

The damage likely to be suffered by complainant by the removal of the property by defendants is not irreparable, but, on the contrary, is subject to legal estimation, and complainant therefore has an adequate remedy at law: Richards's Appeal, 57 Pa. 105 ; Com. v. Pitts. & Connellsville R. R. Co., 24 Pa. 159; Raub v. Tamany, 5 Luz. L. R. 114; Berlew v. Elec. Co., 1 Pa. C. C. Rep. 651; Harley v. Water Co., 174 Pa. 416; W. U. Tel. Co. v. P. & R. R. R. Co., 9 Phila. 494; Pfund v. Berlinger, 9 Phila. 549 ; Bangor Excelsior Slate Co. v. Shimer, 12 Pa. Dist. Rep. 777; Phila. Ball Club v. Lajoie, 202 Pa. 210.

*Alexander Henry Carver,* for appellee.—Where an agent without disclosing his principal executes a lease of a house in

his own name the tenant holds under the agent. And it makes no difference if the agent in signing the lease wrote "agent" after it: Seyfert v. Bean, 83 Pa. 450; Holt v. Martin, 51 Pa. 499; Bedford v. Kelly, 61 Pa. 491; Wenger v. Raymond, 104 Pa. 33; Barrett v. Bemelmans, 163 Pa. 122.

Where a lease by a covenant contained therein allows the tenant to remove certain articles at the end of his term which otherwise would have been regarded as immovable, it is a binding provision: Wick v. Bredim, 189 Pa. 83; Gulick v. Heermans, 6 Luz. Leg. Reg. 227; Carver v. Gough, 153 Pa. 225; Meigs's App., 62 Pa. 28.

The right of a tenant to remove fixtures during his term may be limited and controlled by the terms of his lease: Harris v. Kelly, 13 Atl. Repr. 523; Agnew v. Whitney, 10 Phila. 77; Whitney v. Shippen, 89 Pa. 22; Folsom v. Cook, 115 Pa. 539.

The leading cases on the subject conform to the opinion that a covenant or condition in a lease similar to the one in the case at bar, is binding upon the lessee, and includes in its subject-matter articles which ordinarily the tenant could have removed: Martyr v. Bradley, 2 Moore & Scott, 25; West v. Blakeway, 3 Scott (N. R.), 199; Wilson v. Whateley, 1 Johns. & H. 436; Center v. Everard, 19 Misc. Rep. 156 (43 N. Y. Supp. 416); French v. New York, 29 Barb. (N. Y.) 363; Parker v. Wulstein, 48 N. J. Eq. 94 (21 Atl. Repr. 623); Ames v. Trenton Brewing Co., 56 N. J. Eq. 309 (38 Atl. Repr. 858); Whitney v. Shippen, 89 Pa. 22; Agnew v. Whitney, 10 Phila. 77; Harris v. Kelley, 12 Cent. Repr. 394; Kenney's App., 22 W. N. C. 89.

OPINION BY MR. JUSTICE MESTREZAT, February 25, 1907:

The important and controlling question in this case arises out of the construction of the lease between the parties. The question of trade or tenant fixtures does not enter into the case, and hence need not be considered. The lease, which is the contract between the parties, determines the ownership of the property in question, and hence the rights of the parties thereto depend entirely upon the proper interpretation of the instrument. If the lease had been silent as to the ownership of the various items of property in dispute, then it would

have been necessary to determine whether the property was trade fixtures, and if so, to whom it belonged, to the landlord or the tenant. When, however, a landlord and tenant stipulate in their lease as to the ownership of chattels which may be placed upon the demised premises by the tenant, the stipulation will be enforced regardless of what might be the rights of the parties at common law. In such cases, the contract is the law made by the parties themselves, and that must determine their rights.

By an agreement dated November 14, 1899, Henry C. Lea leased to the defendants the ground floor, basement and second floor of the premises at No 1315 Market street, in the city of Philadelphia, for a term of five years and sixteen days, commencing on December 15, 1899. The premises were to be used as a restaurant and were fitted up for that purpose by the lessees who installed therein the various items of property set out in the bill and which are in dispute in this controversy. The lease contained the following clause : " And the said lessees shall not make any alterations, additions or improvements to the hereby demised premises without first having the consent, in writing of the lessor, and after such consent having been given, all alterations, additions and improvements, made by either of the parties hereto, upon the premises, except movable furniture put in at the expense of the lessees, shall at the option of the lessor remain upon the premises at the expiration or sooner determination of the lease, and be surrendered with the premises, without molestation or injury, and become the property of the lessor, or at the option of the lessor, the said lessees shall restore the said premises to the same good order and condition as the same are now."

On March 19, 1902, Henry C. Lea assigned to Felix Isman, Agent, all his " right, title and interest in this lease and all benefit and advantages to be derived therefrom." On August 30, 1904, Isman gave the defendants written notice to quit the premises on December 31, 1904 ; and on December 3, 1904, he notified them in writing " not to remove any of the additions, alterations or improvements . . . . ' except to restore to its former condition the party wall between No. 1315 Market street and the building adjoining it on the east.' "

In the early part of December, 1904, the defendants having

begun to remove some of the structures which they had installed in the demised premises, the plaintiff filed this bill praying for an injunction to restrain them from removing the property specifically set out in the bill. The court below issued a preliminary injunction which was subsequently made permanent. The defendants' contention, below and here, is that the structures were installed by them in the demised premises for the purpose of their business, and are to be considered as trade fixtures which they have a right to remove. The plaintiff claims that the structures were "alterations, additions and improvements," and not "movable office furniture," within the terms of the lease, and that therefore the defendants could not remove them from the leased premises.

As said above, the rights of the parties in this litigation depend upon the interpretation of the contract. We are clear that the structures erected on the demised premises or the chattels installed therein by the defendants are "alterations, additions and improvements," within the terms of the lease, and as such belong to the plaintiff, the landlord, at his option. These words are of broad signification, and are sufficiently comprehensive to include the various chattels which the defendants installed in the premises. By reference to the numerous cases cited in the appellee's paper-book, it will be seen that judicial construction has fixed the interpretation of these words, and gives them a significance that will include each and every item of property installed by the defendants in the demised premises. It would unnecessarily prolong this opinion to cite these authorities. It is difficult to see what change in the premises could be made, or what chattel could be installed therein, or what repairs could be made thereto, which would not be included in the words "alterations, additions and improvements." Every article enumerated in the bill in this case will be found included in the description of property which was to remain on the premises, and belong to the lessor at his option.

Aside from the reasons just stated, we think that the exception in the clause in question conclusively shows the chattels which are included in the words "alterations, additions and improvements." The only property put upon the premises by the lessees which continued to belong to them and they

were permitted to remove by the terms of the lease was "movable furniture put in at the expense of the lessees." This exception in the clause is in immediate connection with the declaration that all alterations, additions and improvements should remain upon the premises at the expiration or sooner determination of the lease, and at his option belong to the lessor. If it had been the intention, as contended by appellants, that trade fixtures should be an exception with the right to the lessees to remove them at the determination of the lease, the parties would certainly have so stipulated in the contract. An inference that such was the intention of either or both of the parties to the contract has nothing whatever to support it in the terms of that instrument. On the contrary, the presumption is that the property excepted by the lease from that which should remain on the demised premises is the only property which the parties intended should continue to belong to the lessees and be removed by them at the expiration of the lease. There is nothing in the lease to justify any other interpretation of the language in question. "Movable furniture put in at the expense of the lessees" and that alone is the only property which the parties agreed should be excepted from that which should at the option of the lessor remain on the demised premises at the expiration of the lease. Such being the fact, it is wholly immaterial whether any of the chattels or structures placed upon the demised premises were trade fixtures. The contract prevents their removal and invests the lessor with the title. We cannot, if we would, make a new and different contract for the parties; we can only interpret the contract which they made for themselves. If, as now alleged by the lessees, they are the owners of the property in question and should have the right to remove it from the demised premises, the answer is that the contract under which they must claim it, if at all, does not support their allegation.

The parties fixed no time in which the option should be exercised, and we think the lessor gave the lessees reasonable notice not to remove the property from the premises. If he had required them to remove the numerous articles instead of permitting them to remain in the building, there would be a better reason for the defendants' contention. It would be unreasonable to hold that under the agreement the lessor was

required to exercise his option at the time the property was installed in the premises—over five years before the expiration of the lease.   During that time, there might be many changes, not only in the business of the present owner, but in the ownership of the demised premises, which would affect and control the exercise of the option.   In fact, we see that the title to the property is now in another than Mr. Lea who leased to the defendants.   Such changes in the ownership of city property may be anticipated, and to require a landlord to exercise an option affecting it materially, five years prior to the expiration of the lease, might prejudice an otherwise advantageous sale.   All that the lessees had the right to demand of their landlord was that he exercise his option so as to give them reasonable time in which to comply with his request; and he having done so, they have no just ground of complaint.

There is nothing in the contention that the plaintiff had no right to file the bill.   The lease was assigned by Lea to " Felix Isman, Agent," and transferred to him all Lea's " right, title and interest in this lease, and all benefits and advantages to be derived therefrom."   In addition to the fact that Isman as the agent of an undisclosed principal is the owner of the lease, it also appears that he gave the three months' notice to the defendants to vacate the premises, and also notified them that he exercised the option to retain the alterations, additions and improvements which were put upon the premises.   The defendants held the property under him as agent, and they are not in a position to contest his title or his right to maintain the bill.

Nor is there any merit in the contention that the plaintiff has an adequate remedy at law and that, therefore, a bill will not lie to enjoin the defendants from removing the structures erected on the demised premises during the continuance of the lease.   Such jurisdiction in equity has been frequently exercised in this and other states, as a reference to the numerous decisions on the subject will show.

The assignments of error are overruled and the decree is affirmed.