### In re BAHL'S ICE CREAM & BAKING CO.

(District Court, E. D. Pennsylvania. April 19, 1912.)

#### No. 4,247.

FIXTURES (§ 27*)—LANDLORD AND TENANT—CONSTRUCTION OF LEASE.

A covenant in a lease, that "all improvements or additions made by the lessee shall not be detached from the property, but shall remain for the benefit of the lessor," *held* to cover machinery of an ice cream plant operated by power, and to be binding on the parties, regardless of the general law of fixtures.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 5, 22, 25, 44, 45, 54; Dec. Dig. § 27.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of Bahl's Ice Cream & Baking Company, bankrupt. On report of special referee. Affirmed.

H. Edgar Barnes, for landlord.
J. B. Colahan, 3d, for receiver.

J. B. McPHERSON, District Judge. No question of trade fixtures is involved in this dispute. By the covenants in the lease, the lessor and the lessee themselves determined who was to own the property now in controversy. Of special importance is the covenant that:

"All improvements or additions made by the lessee shall not be detached from the property, but shall remain for the benefit of the lessor."

The machinery to which the receiver's claim was finally restricted, namely, twin mixers, four freezers, washer and sterilizer, eleven motors, shafting and belting, brine pump, and german silver connections of mixers, is all embraced by this covenant, and therefore did not pass to the receiver, or to his successor, the bankrupt's trustee. The decision in Montello Brick Co. v. Trexler, 167 Fed. 482, 93 C. C. A. 118, is not in point. The pending controversy is ruled by Isman v. Hanscom, 217 Pa. 137, 66 Atl. 329.

The report of the referee is affirmed, and it is now adjudged that the machinery hereinbefore specified does not belong to the receiver, or to the trustee, but to the landlord, or to his successor or successors in title.