# Lindsay Brothers, Incorporated, *v.* Curtis Publishing Co., Appellant.

*Landlord and tenant—"Alterations, Improvements and additions"—Fixtures—Trade fixtures.*

1. A provision in a lease that "all alterations, improvements
and additions made by the lessee at his own expense, upon the
premises, shall at the option of the lessor, remain on the premises
at the expiration" of the lease, and become the property of the
lessor, does not apply to electric power and lighting appliances
installed by the tenant to furnish power and light for his print-
ing presses. The words "alterations, improvements and additions"
in such a lease are intended to apply to alterations, improvements
and additions to the building, or what is in the nature of a build-
ing, and not to machinery or that which is in the nature of ma-
chinery, or other apparatus forming part of the contents of the
building, and introduced into it by the tenant in pursuance of
the business for which the building was leased.

2. The sound policy of the law which favors a tenant in the
matter of the removal of trade fixtures, requires that in the con-

struction of an agreement containing words whose meaning is doubtful, the construction of the words most favorable to the tenant shall prevail.

Argued March 20, 1912. Appeal, No. 94, Jan. T., 1912, by defendant, from decree of C. P. No. 3, Phila. Co., Sept. T., 1911, No. 1680, on bill in equity in case of Lindsay Brothers, Incorporated v. The Curtis Publishing Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Supreme Court.

The court below found, inter alia, the following conclusions of law:

"1. Whatever the purpose of the defendant in installing the electric wiring, conduits and switch-boards they must be regarded as alterations, improvements and additions and as such could not be removed from the demised premises without the consent of the complainant."

"3. A decree should be entered making permanent the preliminary injunction heretofore entered restraining the defendant, its agents or servants, from removing the electric wiring, conduits and switch-boards now upon the premises, from the demised premises."

The court entered the following decree:

"It is ordered, adjudged and decreed, that the exceptions of respondent to the findings of fact and law of the trial judge be and they are hereby dismissed and that the said findings be and they are hereby confirmed; and that in accordance therewith the preliminary injunction heretofore entered in the above entitled cause, restraining respondent, its agents or servants, from removing the electric wiring, conduits and switch-boards now upon the premises 804, 806 and 808 Sansom street,

is hereby made permanent and that the same is hereby dissolved with respect to the other articles specified in the complainant's bill.

"The costs of the cause to be paid by the respondent."

*Errors assigned,* among others were (7) refusal of defendant's request to dismiss the bill; (8, 9) conclusions of law as above; (10) in imposing costs upon the defendant; (11) the decree quoting it.

*John G. Johnson,* with him *James Wilson Bayard,* for appellant, cited: Isman v. Hanscom, 217 Pa. 133.

*Edmund W. Kirby* and *W. Norman Morris,* for appellee, cited: Hey v. Bruner, 61 Pa. 87; Hill v. Sewald, 53 Pa. 271; Seeger v. Pettit, 77 Pa. 437; Wick v. Bredin, 189 Pa. 83; Gulick v. Heermans, 6 Luz. Leg. Reg. Rep. 227; Carver v. Gough, 153 Pa. 225; Harris v. Kelly, 13 Atl. Repr. 523; Agnew v. Whitney, 10 Phila. 77; Whitney v. Shippen, 89 Pa. 22; Folsom v. Cook, 115 Pa. 539; Kenney's Appeal, 22 W. N. C. 89.

OPINION BY MR. JUSTICE POTTER, April 29, 1912:

In this case it appears that certain premises were leased by appellant, to be used as a printing and publishing establishment. The lease provides that the lessee shall not make alterations, additions or improvements to the premises without the written consent of the lessor, and that "after such consent has been given, unless otherwise agreed upon in writing, all alterations, improvements and additions made by the lessee at his own expense, upon the premises, shall, at the option of the lessor, remain upon the premises at the expiration" of the lease, and become the property of the lessor. The appellant installed its presses and printing machinery in the building, and as part of its plant put in electric power and lighting appliances to furnish power and light for its presses. The presses were bolted

to the floors, and the wires were placed in conduits fastened to the walls, but not embedded therein. At the expiration of the lease, the lessee began to remove the electrical appliances, whereupon the present bill was filed and a special injunction was issued restraining the lessee from removing the electric wiring, conduits and switch boards from the demised premises. This preliminary injunction was afterwards made permanent. Exceptions to the findings of the trial judge were dismissed by the court in banc, and from the final decree entered by the court below this appeal has been taken.

The trial judge states in his opinion that the conduits which contained the electric wires "were exposed to view and were not embedded in the walls except where it was necessary to pass them through the floors, and they were fastened to the walls by extension bolts and other fastenings. They were installed by defendant for its own convenience and could have been removed without serious damage to the premises." In construing the terms of the lease, however, which was the contract between the parties, he considered himself bound by the decision in Isman v. Hanscom, 217 Pa. 133, to give to the words "alterations, improvements and additions" an application which would include the provision of the electric light wires, conduits and switch boards, and would therefore prevent their removal by the tenant. We are clear that in the lease now before us, the agreement that the "alterations, improvements and additions" made by the tenant should remain upon the premises and become the property of the lessor, was intended to apply to alterations, improvements and additions to the building, or to what was in the nature of a building, and not to machinery or that which is in the nature of machinery or other apparatus forming part of the contents of the building, and introduced into it by the tenant, in pursuance of the business for which the building was leased. Reference to the decision in Isman v. Hanscom shows that it was not

necessary in that case to discriminate closely between all the various items of property installed by the tenant upon the demised premises. Many of the improvements which he added, such as the toilet rooms, inlaid floors, dumb waiters, &c., were clearly in the nature of improvements in, and additions to, the building itself, and were not at all, as in the present case, merely adjuncts to the machinery, necessary to its operation, properly introduced into the rooms and fitted therein. An additional reason why close discrimination in considering the character of the items was unnecessary in that case, was because of the insertion in the lease, of a clause most sweeping in its character under which the tenant was permitted to remove from the premises nothing but movable furniture which had been put in at his own expense. The words "alterations, additions and improvements" were there construed in connection with and in the light of that rigid additional limitation upon the rights of the tenant. Under that limitation, if the objects sought to be removed were not included under the description "movable furniture put in at the expense of the lessees" then under the terms of that lease they could not be taken away by the tenant. It is plain that all the alterations and additions which were made could not be classed as movable furniture. ·

In the present case, we are not confronted by such a narrow limitation, nor do we find in the language of the lease any compelling reason requiring the words "alterations, improvements and additions" to be extended in their application to anything more than the building. We see neither necessity for, nor any propriety in, holding that they should be so extended as to deprive the tenant of the right to remove personal property placed by it upon the premises during the term of the lease. As we read the words, they do not properly apply to the contents of the building, even though those contents may consist of heavy machinery and the

appliances in connection therewith, which are needful to furnish light and power for its operation.

The principle of construction which we seek to apply is illustrated in Holbrook v. Chamberlin, 116 Mass. 155. In that case the lease contained a covenant to deliver up in good order "all future erections and additions" to or upon the premises. In construing it, the Supreme Court of Massachusetts held that the covenant was to be limited, in purpose and effect, to new buildings erected or additions to old ones and that it could not be extended so as to deprive the tenants of the right to remove trade fixtures, much less personal property put by them upon the premises. Liebe v. Nicolai, 30 Ore. 364, presents a case very similar in its facts to the one now under consideration. It was there held that dynamos and other electrical machinery used to furnish power for an electric light system placed within a building were not included within the terms of a lease requiring "erections and additions" thereto to be surrendered with the premises to the landlord on the termination of the lease.

The same sound policy of the law which favors a tenant in the matter of the removal of trade fixtures, requires that in the construction of an agreement containing words whose meaning is doubtful, the construction of the words most favorable to the tenant shall prevail. Nothing short of the clearest expression of an agreement by the parties to that effect, can justify the extension of the grasp of the landlord so as to cover chattels, or personal property brought upon the premises by the tenant, in pursuance of the business for which the premises were leased. We find no such clear agreement in the language of the lease which constitutes the contract between the parties in this case. It follows that the appellant is entitled to remove from the premises described in the lease, the electric wiring, conduits and switch boards which are the subject of this controversy.

LINDSAY BROS. Inc., *v.* CURTIS PUB. Co., Appellant. 235

1912.]                    Opinion of the Court.

The seventh, eighth, ninth, tenth and eleventh assignments of error are sustained, and the decree of the court below is reversed, and it is ordered that the injunction be dissolved and the bill be dismissed.