339-41 Market Street Corporation *v.* Darling Stores Corporation, Appellant, et al.

Argued October 7, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Leonard M. S. Morris,* with him *Louis Caplan* and *Sachs & Caplan,* for appellant.

*J. Roy Dickie,* with him *H. A. Robinson* and *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE JONES, November 29, 1946:

The question in this case is whether the defendant was entitled to remove from demised premises an air conditioning unit which, as tenant, it had installed therein or whether the unit became the property of the landlord by virtue of a provision in the lease of the premises. The court below ruled the question in favor of the landlord, as a matter of law, on the basis of the material facts which are undisputed.

In February of 1939, the defendant leased from the plaintiff's predecessor in title a first floor storeroom and the underneath basement of a building in the East Liberty section of Pittsburgh for use as a store for the sale of women's apparel. The lease was for a term of five years, one and one-half months, commencing March 15, 1939, at a certain specified rental. As of May 1, 1943, the plaintiff became the owner of the leased property and

by due assignment succeeded to the rights and liabilities of the landlord in the lease to the defendant. In 1940 the lessee had had installed in the basement a "self-contained air conditioning unit" for the benefit of the storeroom. The unit weighed approximately three thousand pounds and was set upon a concrete foundation which the lessee had caused to be constructed on the floor of the basement for the particular purpose. There is no evidence that the unit was fastened to the foundation or in any way attached to the realty. Apparently, it remained in place from the gravitational pull of its own weight. There were air ducts from the unit to the first floor storeroom and a floor grill for the returning air flow. For the operation of the unit it was connected with both the water and electrical services supplying the premises.

The plaintiff brought suit to recover the value of the air conditioning unit, which the defendant had removed at the end of the term, and also for two other items, viz., additional rent and damage alleged to have been done by the lessee to the premises in removing goods and materials therefrom including the air conditioning unit. The jury returned a verdict for the plaintiff in a lump sum which included allowances in determinable sums for all three items above-mentioned with interest on each from the date of the expiration of the lease. Motions by the defendant for judgment n. o. v. and for a new trial were denied by the court en banc, and the judgment from which the defendant appeals was entered on the jury's verdict. The appellant no longer disputes the plaintiff's right to the additional rent or the property damage, as allowed by the jury. The one question remaining is whether the defendant is liable to the plaintiff in damages for the removal of the air conditioning unit.

The answer to that question depends upon the intended effect of the contract between the parties. In *Clayton v. Lienhard,* 312 Pa. 433, 437, 167 A. 321, Mr.

Justice DREW, in speaking of the recognized classifications of chattels used in conjunction with real estate, said, inter alia, that chattels ". . . which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed . . . become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable: [citing cases]". Here, the sole provision of the lease, in material connection, is that ". . . all alterations or improvements made by either of the parties hereto upon the premises, except movable office furniture put in at the expense of Lessee, shall be the property of Lessor, and shall remain upon and be surrendered with the premises at the termination of this lease without molestation or injury."

At trial the court below ruled, as a matter of law, that ". . . the air conditioning unit could not be removed *since it is not movable office furniture*" (Emphasis supplied), presumably relying upon the decision in *Isman v. Hanscom,* 217 Pa. 133, 66 A. 329, although that case was first mentioned in the opinion for the court en banc sur the defendant's motions where it was cited to support a conclusion that the air conditioning unit was an "improvement" within the meaning of the lease. We think both rulings were in error. The unit was not an "improvement". Nor did it become such by not being within the excepting clause. It is true that, from a substantially similar excepting clause in the *Isman* case, this Court deduced a consequential presumption that ". . . the property excepted by the lease [viz., movable office furniture] from that which should remain on the demised premises is the only property which the parties intended should continue to belong to the lessees and be removed by them at the expiration of the lease". But,

what was thus stated in the *Isman* case was neither germane to the decision nor justified in the circumstances, as a matter of construction, as will appear.

The items of property in controversy in the *Isman* case were specifically held to be "alterations, additions and improvements" within the legal signification of those terms and, consequently, the property of the lessor by virtue of the lease provision. That the decisional import of the *Isman* case is as we have just stated it to be is not only therein expressly recognized (p. 137) but it is still further confirmed by the observation made in *Lindsay Brothers, Incorporated v. Curtis Publishing Co.*, 236 Pa. 229, 232, 84 A. 783. In no event does "movable office furniture" qualify as "alterations, additions and improvements" to realty. Obviously, therefore, the excepting clause was of no materiality in determining the ownership of the property in dispute in the *Isman* case. Moreover, a lessee's right to chattels which he places upon demised premises in the proper enjoyment of his tenancy is not to be extinguished by implication: see *McClintock & Irvine Company v. Aetna Explosives Company*, 260 Pa. 191, 196, 103 A. 622. As was said in *Lindsay Brothers, Incorporated v. Curtis Publishing Co.*, supra, at p. 234,—"Nothing short of the clearest expression of an agreement by the parties . . . can justify the extension of the grasp of the landlord so as to cover chattels, or personal property brought upon the premises by the tenant, in pursuance of the business for which the premises were leased."

The exception of the tenant's own "movable office furniture" out of "alterations or improvements", made to the demised property, was in fact superfluous. Without it, the chattels (placed by the tenant upon the premises) which were manifestly furniture remained personalty in legal contemplation: *Clayton v. Lienhard*, supra, at p. 436. The exception is, therefore, apparent rather than real, and as incongruous as it is inefficient. One of the concurring things necessary to a valid exception in

a deed or lease is that the thing excepted ". . . must be of part of the thing previously described, and not of some other thing; . . ." Bouvier's Law Dictionary (Rawle's Third Rev.), Vol. 1, p. 1108. The description "movable office furniture" bears no such relation to "alterations or improvements" to realty. The situation is well described by Circuit Judge LURTON in *Employers' Liability Assur. Corp. v. Morrow,* 143 Fed. 750, 756 (C.C.A. 6), in the following language: "If [the] exception had been omitted, the provision could not possibly have applied to the [matter] mentioned in the exception. The exception did not, therefore, operate to take out of the proviso something which, but for the exception, would have been included. . . . The ordinary office of an exception . . . is to take special cases out of a general class or to guard against misinterpretation. Experience shows, however, that they quite frequently are introduced from excessive caution, in such cases operating only to bring confusion."

The expressions of the *Isman* case relative to the determinative effect of the excepting clause on the question of the ownership of chattels (other than "movable office furniture"), installed by the tenant upon the demised premises, must be rejected as *dicta*. In so saying, we are not unmindful that in *Lindsay Brothers, Incorporated v. Curtis Publishing Co.,* supra, where the installations were held to be removable trade fixtures, the *Isman* case was distinguished on the ground of the excepting clause which was not present in the lease in the *Lindsay* case. But, the differentiation was wholly irrelevant. The contested installations of the tenant in the *Lindsay* case were held *not* to have become a part of the realty and that was an end of the matter without more. They did not need an exception for their exclusion from improvements which they plainly were not.

In the instant case, the lease provides that "alterations or improvements" to the demised premises shall be and remain the property of the landlord and then makes

the unnecessary exception therefrom of "movable office furniture".. Aside from that limited reference to personal property, the lease does not purport to, nor does it, deal with the ownership of other chattels or personal property placed upon the demised premises by the tenant. With respect to the ownership of such personal property, the lease is silent. Consequently, any chattel, such as the air conditioning unit, not having been made a part of the demised premises and being readily removable therefrom without the destruction of the chattel and without non-compensable damage to the premises, remains personalty and, therefore, the property of the installing tenant. *Lindsay Brothers, Incorporated v. Curtis Publishing Co.*, supra, pp. 232, 233-234.

The judgment is reversed and the defendant's motion for judgment n. o. v. reinstated with directions to the court below to enter judgment for the plaintiff in the amount of the undisputed items for additional rent and property damage with interest thereon from the date of the expiration of the lease.