### Schmucker et al. v. Love

Before Laird, P. J., Bauer and McWherter, JJ.

*Regis Mahady*, for plaintiffs.

*Pollins & Pollins*, for defendant.

BAUER, J., April 21, 1948.—Plaintiffs brought an action in assumpsit, to recover the value of a sump pump, snow fence and four small buildings which defendant removed from the premises in question. Defendant agreed to sell and did sell a tract of land in Unity Township, this county, to plaintiffs. The agreement between the parties provided that defendant reserved one building—a chicken coop—from the transaction. This chicken coop is not involved in this proceeding and therefore the problem presented is

whether the agreement to sell the land and the giving of the deed by defendant gave plaintiffs the right to have the property for which suit is brought. In the description of the property conveyed, the deed contained the phrase, "a two story dwelling house and other improvements".

The jury rendered a verdict in favor of plaintiffs in the sum of $90. This amount does not represent the value fixed by plaintiffs for the property involved or particular part thereof, nor does it reflect any particular values fixed by defendant.

Among the items of property whose value was submitted to the jury as a possible basis for their verdict was a sump pump. There is practically no dispute as to its nature or intended use. The pump was a portable pump, originally borrowed by defendant to pump out a cistern, and with permission of the owner put in the basement of the house to pump out any water which might flood into the basement. It was setting in a hole dug in the basement floor. The hole had been cemented to form a sump and the pump was not attached to the floor or the house in any way except that it was connected to a pipe running through the house wall to drain the water to the outside.

Plaintiffs claim this pump was part of the realty and also became their property by virtue of the provision in the deed conveying "other improvements". Defendant claims the pump was personalty and did not pass to plaintiffs by any transaction.

The old common-law distinction between chattels becoming realty or remaining personalty depending solely upon the nature of their attachment to the freehold was modified by the case of Voorhis v. Freeman, 2 W. & S. 116. In that case the court said:

"Whether fast or loose, . . . all the machinery of a manufactory which is necessary to constitute it, and without which it would not be a manufactory at all, must pass for a part of the freehold."

This principle has generally been applied to industrial or business properties but there is a statement in Holland Furnace Co. v. Suzik et ux., 118 Pa. Superior Ct. 405, 409, that "nevertheless, we think the principle is equally applicable to dwellings". In that case the court held that a furnace was part of the realty because in this climate a furnace is indispensable and usually considered a component part of a building and is so "intimately connected with the freehold as to become essentially a part of it".

The same court in Peoples Pittsburgh Trust Co. v. Security Peoples Trust Co. et al., 133 Pa. Superior Ct. 18, held that a church organ was personalty, even though it was fastened to the building by screws and nails, because it could be removed without material injury to the real estate or to itself and the church could still be used as a church without the organ.

In the Supreme Court, Justice Drew, in the case of Clayton v. Lienhard, 312 Pa. 433, at page 436, defines three classes of chattels used in connection with real estate:

"First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty: . . . Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, . . . Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable. . . ."

The court is of the opinion that the sump pump in this case would fall into the first of these classes but if it should fall into the third class then it certainly remained personalty for it was borrowed equipment which had to be borrowed originally for another purpose.

The Supreme Court decision which decides this case is one of the most recent cases on the subject. It is the case of 339-41 Market Street Corp. v. Darling Stores Corp. et al., 355 Pa. 312. Here a lease provided that "all alterations or improvements made by either of the parties hereto upon the premises, except movable office furniture . . . shall be the property of Lessor. . . ." The tenant installed in the basement, for the benefit of the storeroom above, an air conditioning unit, weighing 3,000 pounds, set on a concrete foundation which the lessee constructed for the particular purpose. There were air ducts from the unit to the storeroom and a floor grill for the returning air flow. The unit was connected with both the water and electrical services supplying the premises. The court held that the unit was not an "improvement" and that, not having been made a part of the premises and being readily removable therefrom without destruction of the chattel and without noncompensable damages to the premises, it remained personalty and the property of the tenant.

The facts and reasoning in that case cannot be distinguished from those in the case at bar and therefore the court must hold that the sump pump remained personalty, was not an "improvement" and remained the property of vendor defendant.

The question of the ownership of the buildings described in the pleading was for the jury, but since the verdict is not in an amount which reflects what part, if any, represents the value of the pump, it is necessary to grant a new trial. Since there remains a jury question the motion of judgment n. o. v. must be dismissed.

286

## Decree

And now, April 21, 1948, after argument and due consideration, the motion for judgment n. o. v. in the above case is dismissed and the motion for a new trial granted and a new trial is awarded, the costs to abide the final outcome, and it is further ordered that the prothonotary place the above case on the trial list.