Wellman, Appellant, *v.* Lampros.

Argued March 13, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Nathan Routman,* with him *Routman, Moore & Goldstone,* for appellant.

*Philip E. Brockway,* with him *Brockway, Brockway and Kuhn,* for appellees.

OPINION PER CURIAM, July 1, 1968:
Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

Of the issues involved in this litigation, I believe the court below correctly resolved all but one. Appellant, the lessee of a drive-in movie owned by appellees, contends that appellees failed at the termination of the lease to permit him to remove car heaters valued at $3,750 which appellant claims are his property. Appellees, on the other hand, cite two provisions in the lease as establishing their right to retain the heaters. The court below agreed and, on this count of the complaint, entered judgment for appellees.

The two provisions in question provide: "Sixth: It is further specifically understood that the Lessee does not have the right to expand or remove from the leased premises any of the facilities and improvements located thereon, unless the specific written permission of the Lessors has been given, and the Lessee agrees that at the termination of the within lease . . . to return the aforesaid premises in the same condition and repair as when received by him, subject only to reasonable wear and tear.

"The above is also to include all personal property necessary for the operation of the theatre. . . .

656

"Eighteenth: The Lessee agrees that he will not remove anything from the premises of the leased property without permission of the Lessors."

Our courts have frequently construed provisions of this genre and have held that chattels which have not been made part of the demised premises and which can be removed without damage to the premises remain the property of the lessee. See, e.g., *339-41 Market Street Corporation v. Darling Stores Corporation,* 355 Pa. 312, 49 A. 2d 686 (1946); *Lindsay Brothers, Inc. v. Curtis Publishing Co.,* 236 Pa. 229, 84 Atl. 783 (1912); *Royal Store Fixture Co. v. Patten,* 183 Pa. Superior Ct. 249, 130 A. 2d 271 (1957). In *Market Street,* a large air conditioning unit was placed upon a concrete foundation which the lessee constructed to support the unit. The lease in question provided: " '[A]ll alterations or improvements made by either of the parties hereto upon the premises, except movable office furniture put in at the expense of Lessee, *shall be the property of Lessor,* and shall remain upon and be surrendered with the premises at the termination of this lease without molestation or injury.' " (Emphasis supplied.) The lessor contended that under this clause it was entitled to retain the air conditioning unit after the termination of the lease. This Court rejected such an argument (355 Pa. at 318, 49 A. 2d at 688): "Aside from that limited reference to personal property [the reference to office furniture], the lease does not purport to, nor does it, deal with the ownership of other chattels or personal property placed upon the demised premises by the tenant. With respect to the ownership of such personal property, the lease is silent. Consequently, any chattel, such as the air conditioning unit, not having been made a part of the demised premises and being readily removable therefrom without the destruction of the chattel and without non-compensable damage to

the premises, remains personalty and, therefore, the property of the installing tenant."

I think it clear that the heaters in controversy which plug into electric outlets would be removable without damage to the premises. Furthermore, the lease in this litigation is as silent as the lease in *Market Street* on the *ownership* of personal property brought to the demised premises by lessee. In fact, the *Market Street* lease did provide that improvements were to belong to the lessor while the provisions here relied upon merely state that lessee shall not remove property without lessors' consent but certainly do not provide that at the termination of the lease this property shall become the lessors.*

Finally, we have repeatedly stated: "Nothing short of the clearest expression of an agreement by the parties . . . can justify the extension of the grasp of the landlord so as to cover chattels, or personal property brought upon the premises by the tenant, in pursuance of the business for which the premises were leased." *339-41 Market Street Corporation v. Darling Stores Corporation,* supra at 316, 49 A. 2d at 688, quoting from *Lindsay Brothers, Inc. v. Curtis Publishing Co.,* supra at 234, 84 Atl. at 784-85; see generally Trickett, Landlord and Tenant in Pennsylvania §417 (1950). This lease does not, in my opinion, contain a clear expression that all property used by lessee in the operation of the drive-in shall become the property of lessors and I thus conclude that on this issue it was error for

---

* This lease also contains a provision identical to that found in *Market Street.* The lease states: "Any and all alterations and/or improvements made during the term of this lease by the Lessee shall, at the termination or expiration become the property of the Lessors herein and shall not be removed by the Lessee." If the provision in *Market Street* did not cover a large air conditioning unit placed upon a specially installed concrete foundation, I fail to see how this provision can encompass plug-in heaters.

the court below to enter judgment on the pleadings for appellees.

Mr. Justice COHEN joins in this dissenting opinion.