## Renaund v. Agresti

*Norman H. Stark,* for plaintiff.
*Will J. Schaaf,* for defendant.

NYGAARD, *J.,* November 17, 1981—The matter now before the court is a counterclaim, remaining after plaintiff was nonsuited in his original action, and concerns ownership of an air conditioning unit installed by defendants on property owned by plaintiff. The latter has moved to nonsuit defendants on this claim. The outcome depends on whether the facts show that the air conditioner is a fixture which became a permanent part of the real estate.

The background of the dispute as follows: defendants had leased a building, formerly used as a warehouse, from plaintiff. As part of their efforts to make the structure suitable for use as a dinner

theater, an air conditioner was purchased by defendants and installed in the rear of the building by bolting it to a section of a blacktop parking lot. A steel pipe was placed at each corner of the unit to keep vehicles from striking it. Air ducts were erected inside the building, and the unit was connected to these, as well as to electrical and water lines leading from the building.

Shortly before the lease was to expire, defendants had an opportunity to sell the conditioner but were prevented from doing so by plaintiff, who claimed it was his property. The sale never took place, plaintiff now has possession of the unit, and defendants seek compensation for their lost bargain, or, in the alternative, the return of the unit.

"As between landlord and tenant the rule is well settled in Pennsylvania that where a tenant attaches to real estate fixtures and equipment necessary for the operation of its business, such items become 'trade fixtures', and a presumption arises that the tenant is entitled to remove them during or at the termination of its lease." Cattie v. Joseph P. Cattie & Brothers, Inc., 403 Pa. 161, 163, 168 A. 2d 313 (1961) (citations omitted).

"Articles which are erected for business purposes by a tenant upon the leased premises are trade fixtures and constitute personal property even though physically annexed to the ground . . . The question whether particular structures or articles are removable as trade fixtures depends solely upon whether they are designated for the purposes of trade, and this turns on the intention with which they were affixed to the realty, and not upon the character or mode of the physical annexation to the realty . . . As a general rule, an article may be regarded as a trade fixture if annexed for the purpose of aiding in the conduct by the tenant of a calling

exercised on the leased premises for the purpose of pecuniary profit. To constitute any chattel that has been attached to the freehold a 'trade fixture' it is only necessary that it be devoted to what is known as a trade purpose, and the form and size of the annexed chattel is immaterial." Berry v. Heinel Motors, Inc., 162 Pa. Superior Ct. 52, 54-55, 56 A. 2d 374 (1948) (citations omitted).

The air conditioner qualifies as a trade fixture under these rules and definitions. Concern for the comfort of the audience is a legitimate business reason to install an air conditioner in a building used as a theater. C.f. McKim v. Burke, 57 Pa. Superior Ct. 530, 534 (1914). It, no less than stage lighting and other theatrical equipment, aids the theater operator in the conduct of his business.

The trade fixture status of the conditioner creates a presumption that defendants could remove and sell it. Plaintiff must now put in evidence in rebuttal if he is to prevail; the existence of the presumption is sufficient to defeat his motion for a nonsuit. Plaintiff's motion for a compulsory nonsuit against defendants is denied.

## II

The parties are willing to have the issue decided on the record as it stands. The burden is now on plaintiff to show evidence that the parties intended the air conditioner to be other than a trade fixture. There is nothing in the lease, and no express statement by either side on the subject, but plaintiff argues that the surrounding circumstances reveal an intent to make the conditioner a permanent part of the real estate.

It is asserted that defendants first sought plaintiff's permission to place the air conditioner on the roof of the building, which the latter refused. Thus,

it is said, defendants acknowledged plaintiff's right to determine how the property would be altered. Also, that the unit, with its duct-work, was specifically designed for the building and of no use to defendants elsewhere; that the unit is large, heavy, and not easily movable from place to place and that the manner in which it was affixed to the property made it a permanent addition.

Plaintiff did not allow the air conditioner to be placed on the roof because it was too heavy. This does not indicate an intent that the unit should become plaintiff's property. The effect of the physical limitations of the structure on defendant's remodeling plans has no bearing in this case on the ownership of the trade fixtures that were installed. Likewise, that defendants have no use for the air conditioner other than in the business for which they purchased it does not indicate any intent that title to it should pass to plaintiff. When defendants closed their theater, they sold all of the other trade fixtures they had installed, presumably because they had no use for them elsewhere. Only the objection of plaintiff prevented them from selling the air conditioner as well. The size and weight of the unit do not affect its presumed status as a trade fixture: Berry v. Heinel Motors, supra.

The test for degree of physical annexation, as it bears on the central issue of intent, is whether the item can be removed without destroying or materially injuring the item itself or the property to which it is attached: Clayton v. Lienhard, 312 Pa. 433, 167 Atl. 321 (1933).

Disconnecting the air conditioner from the duct system and the parking lot does not constitute material injury to the property. There is no evidence that removal would result in noncompensable structural injury to the building, that the building

was unfit for use without the conditioner, or that the conditioner itself was damaged by removing it from the property. The remaining duct work may have been useless without an air conditioner, but the parties have treated the conditioner and the duct work as separable items, and another air conditioning unit could have been attached to the ducts four bolt holes left in the parking lot after the unit's removal do not constitute material injury to the property as a whole, nor does the fact that four protective posts were placed around the unit to keep it from being damaged: Clayton v. Lienhard, supra. See also Re: General Assignment etc. of Jack Dow's Music Mart, Inc. 205 Misc. 852, 133 N.Y.S. 2d 734 (1954), 339-41 Market St. Corp. v. Darling Stores Corp., 355 Pa. 312 49 A. 2d 686 (1946).

These facts offered by plaintiff are not sufficient to convince the court that the air conditioner was not intended to be a trade fixture removable by defendants before or upon the termination of the lease.

The only evidence of the value of the air conditioner is that defendants received an offer to buy it for $4,500.

To allow recovery of this amount would be to permit the aggrieved party to unilaterally determine the amount of damages. The most proper remedy in this case is to enter judgment for defendants awarding them possession of the air conditioner.

## ORDER

And now, November 18, 1981 judgment is entered for defendants on their counterclaim, awarding them possession of the air conditioner.